UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN THE MATTER OF
LAWRENCE DALAKER

CIVIL NO. 3:02GP20 JBA (DLB)

AUGUST 24, 2004

### PRESENTMENT

To the Honorable United States District Court for the District of Connecticut comes the Grievance Committee of the United States District Court for the District of Connecticut, duly appointed and qualified, and makes presentment to said Court by its counsel, David L. Belt, that Respondent **Lawrence Dalaker**, a member of the Bar of Said Court, has violated the Rules of Professional Conduct.

The Committee makes a complaint and says:

1. Lawrence Dalaker, Respondent, is an attorney at law, having been admitted to the Bar of the United States District Court for the District of Connecticut on January 8, 1992.

2. On October 31, 2002, Respondent resigned from the bar of the State of Connecticut and waived the privilege of applying for readmission at any future time. At the time of Respondent's resignation, three grievance complaints were pending against him, the Grievance Panel of the Judicial District of Fairfield had found probable cause of misconduct and the Superior Court for the Judicial District of Fairfield, State of Connecticut, had placed him on interim suspension. A copy of the transcript of proceedings before the

Superior Court for the Judicial District of Fairfield at Bridgeport in Docket No. 20392036 on October 31, 2002 is attached hereto as Exhibit A.

Wherefore, the undersigned, on behalf of the Grievance Committee of the United States District Court, for the District of Connecticut, pursuant to Rule 83.2(f), prays that Respondent Lawrence Dalaker be ordered to answer this Presentment within thirty (30) days of service of the order to show cause and to appear and show cause why he should not be required to resign from the Bar of this Court or otherwise disciplined, that such proceedings be had on this Presentment as provided in Local Rule 83.2, and that the Court enter such orders that the Court deems appropriate.

Dated at New Haven this 22nd day of August, 2004.

                        THE FEDERAL GRIEVANCE COMMITTEE

                        By _____
                           David L. Belt (ct04274)
                           JACOBS, GRUDBERG, BELT & DOW, P.C.
                           350 Orange Street
                           New Haven, CT 06503
                           Tel.: (203) 772-3100
                           Fax: (203) 772-1691
                           E-mail: dbelt@jacobslaw.com
                           Counsel to the Federal Grievance Committee

TO THE CLERK:

Please enter my appearance for
The Grievance Committee of the United
States District Court for the District of Connecticut

By _____
    David L. Belt (ct04274)
    JACOBS, GRUDBERG, BELT & DOW, P.C.
    350 Orange Street
    New Haven, CT 06503
    Tel.: (203) 772-3100
    Fax: (203) 772-1691
    E-mail: dbelt@jacobslaw.com
    Counsel to the Federal Grievance Committee

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

IN THE MATTER OF
LAWRENCE DALAKER                              CIVIL NO. 3:02GP20 JBA (DLB)

ORDER TO SHOW CAUSE

Disciplinary proceedings in the above-captioned matter were initiated on March 13, 2003 pursuant to this Court's Local Rule 83.2 after which the Grievance Committee for the United States District Court for the District of Connecticut filed its Presentment with the Court seeking action in the above-captioned matter.

It is hereby ORDERED THAT Lawrence Dalaker is to answer the Presentment in this matter **on or before thirty (30) days of service upon him of this Order to Show Cause by filing an original answer and four (4) copies with the office of the Clerk of this Court, 141 Church Street, New Haven, Connecticut 06510, to the attention of Victoria C. Minor, Chief Deputy Clerk,** showing cause why discipline should not be imposed. It is further ORDERED that a hearing on the matter shall be held on the _____ day of _____, 2004, at _____ o'clock as provided in Local Rule 83.2(f)(2).

Dated at _____, Connecticut, this _____ day of _____, 2004.

_____
The Honorable Janet Bond Arterton
United States District Judge

4

# EXHIBIT A

```
20392036                          :    SUPERIOR COURT

FFLD J.D. GRIEVANCE PANEL         :    J.D. OF FAIRFIELD

VS.                               :    AT BRIDGEPORT

LAWRENCE DALAKER                  :    OCTOBER 31, 2002
```

BEFORE THE HONORABLE B. J. SHEEDY

A P P E A R A N C E S

REPRESENTING THE PLAINTIFF:

    DANIEL HORWITCH, ESQUIRE

REPRESENTING THE DEFENDANT(S):

    ROBERT LACOBELLE, ESQUIRE

NOV 1 - 2002

Renae Mattei, Court Reporter

2

1  THE COURT: This is the matter of Fairfield
2  Judicial District Grievance Panel versus Lawrence
3  Dalaker. Will the parties introduce themselves,
4  please.
5  MR. HORWITCH: Good morning, your Honor.
6  Attorney Daniel Horwitch on behalf of the
7  Fairfield Judicial District Grievance Panel.
8  THE COURT: Good morning, sir.
9  MR. LACOBELLE: Attorney Robert Lacobelle for
10  Mr. Dalaker, who is next to me, your Honor.
11  THE COURT: And good morning to you both.
12  MR. DALAKER: Good morning, your Honor.
13  MR. LACOBELLE: Thank you, your Honor.
14  THE COURT: Okay. We're here this morning,
15  as I understand it, with regard to Attorney
16  Dalaker's resignation and waiver of readmission.
17  Attorney Horwitch, I believe it's
18  appropriate, sir, that you make an official but
19  brief, obviously, report for the record.
20  MR. HORWITCH: Yes. Thank you, your Honor.
21  The record may reflect that at this time there are
22  three grievance complaints pending against
23  Attorney Dalaker. They all have had findings of
24  probable cause, misconduct, rendered by the
25  Grievance Panel. All three complaints arise out
26  of facts that gave rise to Mr. Dalaker's being
27  placed in interim suspension by the Court. If the

Renae Mattei, Court Reporter

3

1   Court is satisfied with Attorney Dalaker's
2   resignation and waiver of the privilege of
3   applying for reinstatement and his understanding
4   of the consequences of that and accept the
5   resignation and waiver, the Grievance Committee
6   will close those files recognizing that there's
7   nothing more serious that the Committee or the
8   Court can do in a disciplinary sense once an
9   attorney has permanently resigned from the bar.
10          THE COURT: Thank you, sir.
11          Attorney Lacobelle, is the anything you want
12  to say for the record?
13          MR. LACOBELLE: No, your Honor. Just
14  briefly, we did submit a letter of resignation to
15  the chief clerk, Donald Mastrony, in this
16  district. And that's why we're here today, your
17  Honor.
18          THE COURT: Thank you. I do have six -- I
19  have an original and five copies of an attorney
20  resignation and waiver of readmission.
21          Attorney Dalaker, would you stand please,
22  sir. Good morning.
23          MR. Dalaker: Good morning, your Honor.
24  First I would just like to say, if I might, I
25  apologize about Monday.
26          THE COURT: Oh, I understood. I think all --
27          MR. DALAKER: That was my error. I'm sorry

Renae Mattei, Court Reporter

4

1  for inconveniencing anybody here.
2       THE COURT:  Thank you.  I appreciate that.
3  But I think that everyone here understood that
4  there was a breakdown in communication occasioned
5  by the telephone and message giving that resulted
6  in your not being here.
7       Sir, I do want to deprive you of the
8  opportunity to say anything that you might like to
9  say either to me or to the Court as a matter of
10 record.
11      THE WITNESS:  I have nothing more to say than
12 what's in my letter, your Honor.
13      THE COURT:  I have in front of me an attorney
14 resignation and waiver of readmission that states
15 that in accordance with the Connecticut Rules of
16 Practice, section 2-52, I do hereby freely and
17 voluntarily resign from the Connecticut Bar and
18 waive the privilege of applying for readmission at
19 any future time.  And it purports to bear the
20 signature of Lawrence Dalaker.  You will
21 appreciate why I can't decipher the signature as
22 being that of Lawrence Dalaker.
23      THE WITNESS:  I understand.
24      THE COURT:  Madam Clerk, would you be kind
25 enough to show this to Attorney Dalaker.
26      Sir, I'm going to ask you to identify the
27 signature on that.

Renae Mattei, Court Reporter

5

1  THE WITNESS: Yes. That's my signature above
2  my typewritten name.
3  THE COURT: Okay, sir. I'll take that back.
4  Attorney Dalaker, may I ask if you have any future
5  plans, sir, in terms of employment?
6  THE WITNESS: Presently I'm working with the
7  construction company. And they'll be moving me
8  into an apprenticeship position for a carpenter.
9  THE COURT: Okay.
10  THE WITNESS: I am also looking, after I
11  resolve other issues with the Court, to get out
12  into the business world and try to find something
13  that I'm more suited to as far as my skills.
14  THE COURT: Well, I'm actually happy to hear
15  you have plans. Do you agree, sir, that this
16  resignation and your waiver of readmission came
17  after appropriate time for consideration on your
18  part?
19  THE WITNESS: Yes, your Honor. I have had
20  time since I signed that and I have not changed my
21  mind.
22  THE COURT: Okay. You have done that with
23  whatever discussion you have felt was appropriate
24  with Attorney Lacobelle.
25  THE WITNESS: That's correct, your Honor.
26  THE COURT: Your resignation is voluntary?
27  THE WITNESS: Yes it is, your Honor.

Renae Mattei, Court Reporter

6

```
 1              THE COURT:  No one has forced to you do that?
 2              MR. DALAKER:  No, not at all.
 3              THE COURT:  Clearly you're aware, as Attorney
 4     Horwitch has stated, your completion of this
 5     resignation and waiver will motivate the Grievance
 6     Panel to close the other files, but it is not
 7     something that anybody has forced to you do apart
 8     from your weighing of considerations?
 9              THE WITNESS:  That's correct, your Honor.
10              THE COURT:  Do you also understand, more
11     importantly I think, Mr. Dalaker, is that you are
12     here today waiving forever your right to reapply
13     at any future time, a year from now, five years
14     from now, twenty years from now, sir, for
15     admission to the Bar of this state.
16              THE WITNESS:  That I understand, your Honor.
17              THE COURT:  And you accept the consequences
18     of that as well?
19              THE WITNESS:  Yes, I do, your Honor.
20              THE COURT:  All right.  Are there any
21     questions that you would like to ask me, sir?
22              THE WITNESS:  I have no questions, your
23     Honor.
24              THE COURT:  All right.  Accordingly, then,
25     and with regret in the sense that it is a career
26     gone awry, I do accept your resignation,
27     Mr. Dalaker, and I do accept the waiver of
```

Renae Mattei, Court Reporter

7

1  readmission as being one that is freely,
2  intelligently, and voluntarily given.  I enter
3  that, then, as a matter of record.  And I wish you
4  good luck in the future.
5       THE WITNESS:  Thank you very much, your
6  Honor.
7       THE COURT:  You're welcome.  Thank you,
8  Attorney Lacobelle.
9       MR. LACOBELLE:  Thank you.
10      THE COURT:  Attorney Horwitch.
11      MR. HORWITCH:  Thank you, your Honor.
12      THE COURT:  I'm returning to the clerk, sir,
13  the original and all five copies.
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Renae Mattei, Court Reporter

8

## CERTIFICATION

I, Renae Mattei, a certified court reporter for the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport, do hereby certify that the foregoing is a true and accurate transcription to the best of my ability of the stenographic notes taken by me in the above-entitled case.

Dated this 31th day of October, 2002

*Renae Mattei*
Renae Mattei
Certified Court Reporter